```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ERA FRANCHISE SYSTEMS, LLC f/k/a
ERA FRANCHISE SYSTEMS, INC.,

                    Plaintiff,
                                                                        REPORT AND
                                                                        RECOMMENDATION
          -against-                                                     CV 07-5319 (JS)(WDW)

KINGS REALTY #1, INC. and
KEVIN J. HANSON,

                    Defendants.
-----------------------------------------------------------X
```
**WILLIAM D. WALL, United States Magistrate Judge:**

Pending before the court is a motion by plaintiff/judgment creditor ERA Franchise Systems, LLC ("ERA"), *see* Docket Entry ("DE") [31], that seeks to hold defendants/judgment debtors Kings Realty #1, Inc. ("Kings Realty") and Kevin J. Hanson ("Hanson") in contempt for failing to comply with post-judgment discovery, as well as for failing to comply with the undersigned's Order dated March 30, 2011, DE [30], compelling that discovery. Kings Realty and Hanson have further failed to oppose the motion for contempt, despite their having been served. *See* Affs. of Service, DE [32]. Based on the plaintiff's submissions, the Affirmation of Charles Messina, and the exhibits attached to the Messina Affirmation, the undersigned hereby certifies the facts regarding both defendants/judgment debtors' failures to comply with the information subponeas, and Hanson's failure to appear for his oral examination, to Judge Seybert for further proceedings pursuant to 28 U.S.C. §636(e).

**I. LEGAL STANDARDS**

The magistrate judge's role on a motion for civil contempt is to certify facts constituting civil contempt to the district judge, who must then make an independent determination as to

whether those facts constitute contempt and, if so, the appropriate sanctions to be imposed. 28 U.S.C. § 636(e)(6). In the certification process, the magistrate judge may conduct a hearing, but he or she functions only to certify the facts and not to issue an order of contempt. *See Hunter TBA v. Triple V Sales,* 250 F.R.D. 116, 118 (E.D.N.Y. 2008) (citations omitted). "In certifying the facts under Section 636(e), the magistrate judge's role is 'to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt.'" *Id.* (*citing Church v. Steller,* 35 F. Supp. 2d 215, 217 (N.D.N.Y. 1999) (citation omitted)). Consequently, in accordance with 28 U.S.C. § 636(e)(6)(B)(iii), the facts recited in this document are certified to the District Judge so that a determination can be made whether to find Kings Realty and/or Hanson in contempt of court.

Rule 69 provides that a judgment creditor may obtain discovery from any person, including the judgment debtor, "as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69 (b). Plaintiff/judgment creditor ERA has elected to utilize the procedures set forth in New York state law. Under New York law, a judgment creditor may, at any time before a judgment is satisfied or vacated,

> compel disclosure of all matter relevant to the satisfaction of the judgment, by serving upon any person a subpoena, which shall specify all of the parties to the action, the date of the judgment, the court in which it was entered, the amount of the judgment and the amount due thereon, and shall state that false swearing or failure to comply with the subpoena is punishable as a contempt of court.

N.Y. Civil Practice Law & Rules ("C.P.L.R.") §5223. The methods of such disclosure are set forth in C.P.L.R. §5224, that "provides for (1) a 'subpoena requiring attendance for the taking of a deposition,' (2) a 'subpoena duces tecum requiring the production of books and papers,' and (3)

an 'information subpoena' requiring written answers to a set of written questions." *Dulce v. Dulce,* 233 F.3d 143, 146 (2d Cir. 2000) (quoting C.P.L.R. §5224). The statute further provides that service of an information subpoena "may be made by registered or certified mail, return receipt requested." C.P.L.R. §5224 (a)(3).

## II. FACTS

The following facts, which are are derived from the affidavits submitted as well as documentary evidence, are hereby certified to the district court. As neither Kings Realty nor Hanson submitted opposition to the motion, the facts are not disputed.

Plaintiff commenced this action on December 20, 2007 alleging violation of the Lanham Act regarding defendants' use of its trademarks, as well as breach of contract. After defendants failed to appear in the action, a default judgment in plaintiff's favor was entered. Plaintiff was awarded a total of $136,988.23 in past due fees, profits, interest, attorneys' fees and costs. Judgment of 3/4/10, DE [28]. Defendants were permanently enjoined from using plaintiff's trademarks, service marks and logos, and they were further ordered to submit their records for an audit. *Id.*

On June 7, 2010, plaintiff served, by certified mail, a notice to take an oral examination of Hanson pursuant to C.P.L.R. §5224(a)(1), as well as an information subpoena on both Kings Realty and Hanson pursuant to C.P.L.R. §5224(3). Messina Aff. ¶6 & Ex. C, DE [31-1]. Hanson failed to appear for his oral examination noticed for June 18, 2010. *Id.* ¶7. The deposition was rescheduled for September 14, 2010. Plaintiff's counsel, Charles Messina, communicated with Hanson "on several occasions" prior to the September 14, 2010, and confirmed with Hanson that he would appear for the examination; however on September 14th,

Hanson telephoned Messina and informed him that he would not be appearing for the oral examination, nor would he be responding to the information subpoenas. *Id.* ¶9.

Plaintiff moved to compel defendants to comply with the subpoenas. *See* DE [29]. By Order dated March 1, 2011, plaintiff's motion was granted, both on the merits and as unopposed. Order of 3/1/11, DE [30]. Kings Realty and Hanson were directed to respond to the information subpoenas by March 18, 2011, and Hanson was directed to appear for his oral examination by March 31, 2011. *Id.* Plaintiff served a copy of this order on defendants by certified mail. Messina Aff., Ex. G, DE [31-8]. Despite this Order, defendants have failed to respond to the information subpoenas. Messina Aff. ¶18.

Plaintiff again served notice upon Hanson for his oral examination to take place on March 28, 2011. Messina Aff., Ex. H, DE [31-9]. Despite this notice and the March 1st Order directing his appearance, Hanson did not appear for his deposition.

The Court hereby certifies that the plaintiff/judgment creditor has set forth a prima facie case for contempt based on the following facts:

1) On June 7, 2010, plaintiff/judgment creditor ERA served an information subpoena on defendant/judgment debtor Kings Realty.

2) On June 7, 2010, plaintiff/judgment creditor ERA served an information subpoena on defendant/judgment debtor Hanson, as well as a notice to take his oral examination on June 18, 2010.

3) Kings Realty failed to respond to the information subpoena.

4) Hanson failed to respond to the information subpoena. Hanson further failed to appear for his oral examination on June 18, 2010 or September 14, 2010.

5) On March 1, 2011, the undersigned issued an order granting plaintiff's motion to compel, and directed both Kings Realty and Hanson to respond to the information subpoenas by March 18, 2011, and further directed Hanson to appear for his oral examination by March 31, 2011.

6) Defendant/judgment debtor Kings Realty has not responded to the information subpoena.

7) Defendant/judgment debtor Hanson has not responded to the information subpoena and has not appeared for his oral examination.

**III. OBJECTIONS**

Counsel for ERA is directed to serve a copy of this Report and Recommendation on Kings Realty and Hanson by certified mail, and to file proof of service with the Court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See*, 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
October 7, 2011

          /s/ William D. Wall
          WILLIAM D. WALL
          United States Magistrate Judge