```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ERA FRANCHISE SYSTEMS, LLC f/k/a
ERA FRANCHISE SYSTEMS, INC.,

                    Plaintiff,

     -against-                          MEMORANDUM & ORDER
                                        07-CV-5319(JS)(WDW)
KINGS REALTY #1, INC. and KEVIN J.
HANSON,

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:     Ronald A. Giller, Esq.
                   Joseph Salvo, Esq.
                   Matthew Joseph Koster
                   Gordon & Rees LLP
                   90 Broad Street
                   23rd Floor
                   New York, NY 10004

                   Charles Joseph Messina, Esq.
                   Gordon & Rees LLP
                   18 Columbia Turnpike, Suite 220
                   Florham Park, NJ 07932

For Defendants:    No Appearances.
```

SEYBERT, District Judge:

Pending before the Court is a motion by Plaintiff ERA Franchise Systems, LLC f/k/a ERA Franchise Systems, Inc. that seeks to hold Defendants Kings Realty #1 ("Kings Realty") and Kevin J. Hanson ("Hanson") in contempt for failing to comply with their post-judgment discovery obligations and with Magistrate Judge William D. Wall's March 30, 2011 order compelling that discovery (the "Discovery Order").

BACKGROUND

On October 7, 2011, Judge Wall certified the facts underlying the present contempt motion pursuant to Section 636(e)(6) of Title 28 of the United States Code. (Docket Entry 33). There having been no objection by either party to Judge Wall's recitation of the facts, the Court adopts it as thorough, concise, and free from clear error. The reader is referred to Docket Entry 33 for a full background discussion; briefly, the Court notes that Defendants failed to comply with information subpoenas and, in Hanson's case, failed to appear for his oral examination. Judge Wall subsequently ordered Defendants to respond to the subpoenas and Hanson to appear for the oral examination. Defendants ignored the order, and Plaintiffs filed this motion, which it had personally served on Defendants.

DISCUSSION

Civil contempt is appropriate here. "A party may be held in civil contempt for failure to comply with a court order if '(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner.'" Utica Coll. v. Gordon, 389 F. App'x 71, 72 (2d Cir. 2010) (quoting Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645, 655 (2d Cir. 2004)). All three conditions

2

are met here. Judge Wall's Discovery Order was clear and unambiguous (see Docket Entry 30), Defendants have obviously failed to comply with the order, and there is no suggestion that Defendants have made any attempts to comply. Accordingly, Plaintiff's motion is granted to the extent discussed below.

CONCLUSION

Based on the foregoing discussion, Plaintiff's motion for contempt (Docket Entry 31) is GRANTED to the extent outlined here: Defendants are each sanctioned $1,000 per day, starting today, until they comply with Judge Wall's Discovery Order. Further, all parties are directed to appear before this Court on Thursday, March 15, 2012 at 1:45 p.m. in Courtroom 1030. **If Defendant Hanson does not appear on March 15, the Court will issue a warrant for his arrest.** The Cadle Co. v. Valdez, No. 96-CV-7373, 2008 WL 1959528, at *1 (S.D.N.Y. May 5, 2008) ("A person in contempt may be incarcerated in the endeavor to obtain compliance with court orders enforcing discovery rules.").

Plaintiff is directed to have this Order served on Defendants via personal service immediately and file proof of service with the Court. Defendants shall be liable for Plaintiff's reasonable attorneys' fees incurred in prosecuting this contempt motion.

The Clerk of the Court is respectfully directed to terminate docket entries 31 and 33.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:   March __5__, 2012
         Central Islip, New York

4